IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARAT GOKHBERG, <br> YURY GOKHBERG, <br> DAVID JAFFE, <br> MARC FRANCHI, and <br> SUREKHA BASSI, <br><br> Plaintiffs, <br><br> v. <br><br> THE PNC FINANCIAL SERVICES <br> GROUP, INC. AND PNC BANK, N.A., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:15-cv-06001-LTS <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' RESPONSE TO THE COURT'S SHOW CAUSE ORDER REGARDING PROPOSED TRANSFER OF CASE PURSUANT TO 28 U.S.C. § 1406(a)**

Plaintiffs hereby respectfully respond to the Court's Order to Show Cause as to why the above captioned-case should not be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a). On July 30, 2015, Plaintiffs filed suit against PNC Financial Services Group, Inc. in the Southern District of New York. Venue is appropriate in the Southern District of New York because many of the acts and omissions occurred in Manhattan, and it is plaintiffs' choice of forum. Accordingly, this Court should retain this case and not transfer it to the Eastern District of New York.

The federal venue statute states that "a civil action may be brought in…a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiffs satisfy this standard. David Jaffe, one of the named plaintiffs in this case, worked in PNC's office at 340 Madison Avenue, New York, NY during his employment with PNC Bank. While employed at PNC Bank's Madison Avenue location, Mr.

Jaffe routinely worked more than 40 hours per week, was not paid for all hours worked and was not paid at one and one- half times his regular rate of pay for overtime hours worked. Moreover, the PNC Bank Madison Avenue location is located in PNC Bank's New York headquarters office where PNC Bank leases over 50,000 square feet. In fact, it is PNC Bank's largest New York location. Therefore, "a substantial part of the events or omissions giving rise to the claim occurred in [the Southern District of New York.]" *Astor Holdings, Inc. v. Roski*, 2002 U.S. Dist. LEXIS 758, *21 (S.D.N.Y. Jan. 15, 2002). As such, the Southern District of New York is an appropriate venue for this case.

Further, Plaintiffs bring this action as a collective action under the Fair Labor Standards Act and also as a class action under New York state law to recover unpaid overtime compensation on behalf of a class of putative plaintiffs who have worked for defendants as mortgage loan officers. Many of the loan officers in the putative class worked in PNC Bank's Madison Avenue location and the majority of the New York plaintiffs will have worked in this location.

Moreover, the Southern District of New York would be appropriate even if few putative class members worked at the Madison Avenue location. As has been noted by courts in the Southern District of New York, "[t]he venue statute [] does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial part of the events occurred in the challenged venue, even if a greater part of the events occurred elsewhere." *Id*. at 22*; see also *Cartier v. Micha, Inc.*, 2007 U.S. Dist. LEXIS 29785, *16 (S.D.N.Y. Apr. 20, 2007) ("venue is proper in any judicial district so long as the 'substantial part' requirement of § 1391(b)(2) is met…even if the defendant committed a greater quantum of infringing activities outside the chosen venue"); *City of New York v. Cyco.net, Inc.*, 383 F. Supp. 2d 526, 543

(S.D.N.Y. 2005) ("Venue may be proper even if a greater part of the events giving rise to a claim happened in another forum"). Accordingly, 28 U.S.C. § 1406(a) does not compel this Court to transfer the above-captioned case to the Eastern District of New York.

Additionally, plaintiffs are traditionally granted "considerable deference" in choosing a forum. *Wesco Distrib. v. Anshelewitz*, 2008 U.S. Dist. LEXIS 54044, *11 (S.D.N.Y. July 15, 2008); see also *Blanco v. Banco Indus. De Venezuela, S.A.*, 997 F.2d 974, 979 (2d Cir. 1993) ("a plaintiff's choice of forum is always entitled to considerable deference"); *Accantia Group Holdings v. Food Mkt. Merch., Inc.*, 908 F. Supp. 2d 439, 441 (S.D.N.Y. 2012) (same); *Arthur Metzler & Assocs. Consulting Eng'rs, P.C. v. Group Goetz Architects, P.C.*, 2002 U.S. Dist. LEXIS 7540, *17 (S.D.N.Y. Apr. 26, 2002) ("The Court must give considerable deference to the plaintiff's choice of forum"). Indeed, "the plaintiff's choice of forum should *rarely be disturbed*." *Gross v. BBC*, 386 F.3d 224, 230 (2d Cir. 2004) (emphasis added); see also *Scottish Air Int'l v. British Caledonian Group, PLC*, 81 F.3d 1224, 1232 (2d Cir. 1996) ("A plaintiff's choice of forum should not lightly be disturbed").

Under 28 U.S.C. § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall … transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Based on the foregoing, however, the plaintiffs respectfully submit that 28 U.S.C. § 1406(a) does not compel this Court to transfer jurisdiction to the Eastern District of New York. The Southern District of New York is an appropriate venue because many of the acts and omissions occurred in the Southern District of New York and because it is plaintiffs' venue of choice. Therefore, this Court should maintain jurisdiction.

Respectfully submitted,

s/Gregory K. McGillivary
Gregory K. McGillivary (SSN: 0280)
Diana J. Nobile
Sarah Block (SB 1460)
Woodley & McGillivary LLP
1101 Vermont Ave., Suite 1000
Washington, D.C. 20005
Phone: (202) 833-8855

s/Hope Pordy
Hope Pordy (HP 6253)
Spivak Lipton LLP
1700 Broadway
Suite 2100
New York, NY 10019
Phone: (212) 765-2100

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing Response to the Court's Show Cause Order Regarding Proposed Transfer of Case was served via certified first class mail on this 1st day of September, 2015 to:

Melissa D Hill
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

Sarah E. Bouchard
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pa 19103
*Attorney for Defendant The PNC Financial Services Group, Inc.*

    /s/ Gregory K. McGillivary
Gregory K. McGillivary
(SSN: 0280)