Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
Melissa D. Hill
melissa.hill@morganlewis.com
101 Park Avenue
New York, New York 10178
(212) 309-6318 (Telephone)
(212) 309-6001 (Fax)

Sarah E. Bouchard *(Pro Hac Vice)*
1701 Market Street
Philadelphia, PA  19103
(215) 963-5077 (Telephone)
(215) 963-5001 (Fax)
sbouchard@morganlewis.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARAT GOKHBERG, YURY GOKHBERG, DAVID JAFFE, SUREKHA BASSI, and MARC FRANCHI,<br><br>Plaintiffs,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC. and PNC BANK, N.A.,<br><br>Defendants. | Case No.:  **1:15-cv-06001-LTS**<br><br>**Document Filed Electronically** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT**
**TO 28 U.S.C. § 1404(a) TO THE WESTERN DISTRICT OF PENNSYLVANIA**

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     FACTUAL BACKGROUND ...................................................................................... 2

        A.      Background Regarding PNC And Its MLOs .......................................... 2

        B.      Plaintiffs' Claims ................................................................................... 3

        C.      The Bland Claims .................................................................................. 4

III.    ARGUMENT .............................................................................................................. 4

        A.      The Standard For Transfer Pursuant To 28 U.S.C. § 1404(a) ............................. 4

        B.      The Western District Of Pennsylvania Is A Proper Forum ................................. 6

        C.      The Western District Of Pennsylvania Is The Far More Convenient And
                Efficient Forum For This Action Under Section 1404(a) ..................................... 6

                1.      The Interests Of Justice And Judicial Efficiency Determinatively
                        Favor Litigating This Case In The Western District Of
                        Pennsylvania .......................................................................................... 6

                2.      The Locus of Operative Facts And The Convenience Of The
                        Potential Witnesses And Parties Weigh In Favor Of Transfer ................ 10

                3.      The Court Should Not Defer To Plaintiffs' Choice Of Forum ................ 12

IV.     CONCLUSION ........................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Andrews v. A.C. Roman & Assocs.,
　914 F. Supp. 2d 230 (N.D.N.Y. 2012) .............................................................................14, 15

Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,
　134 S. Ct. 568 (2013) ..................................................................................................................15

Bland v. PNC Bank,
　Case No. 1:15-cv-06001 (W.D. Pa. 2015) ...................................................................... passim

Colida v. Panasonic Corp. of N. Am.,
　No. 05-5791, 2005 WL 3046298 (S.D.N.Y. Nov. 10, 2005) .....................................................9

Continental Grain Co. v. Barge FBL-585,
　364 U.S. 19 (1960) ................................................................................................................7, 9

Dacar v. Saybolt LP,
　No. 10-CV-12-F, 2011 WL 223877 (E.D.N.C. Jan. 24, 2011) ................................................11

Earley v. BJ's Wholesale Club, Inc.,
　No. 06-3529, 2007 WL 1624757 (S.D.N.Y. June 4, 2007) ..............................................10, 14

Eichenholtz v. Brennan,
　677 F. Supp. 198 (S.D.N.Y. 1988) ...................................................................................12, 13

Farrior v. George Weston Bakeries Distrib., Inc.,
　No. 08-2705, 2009 WL 113774 (E.D.N.Y. Jan. 15, 2009) ...............................................10, 14

Freeman v. Hoffman-La Roche, Inc.,
　No. 06-13497, 2007 WL 895282 (S.D.N.Y. Mar. 21, 2007) ..............................................6, 13

Hoffman v. Blaski,
　363 U.S. 335 (1960) ....................................................................................................................6

Horanzy v. Vemma Nutrition Co.,
　-- F. Supp. 3d --, No. 14-1296, 2015 WL 728379 (N.D.N.Y. Feb. 18, 2015) ........................14

Ingram v. Family Dollar Stores of Ala., Inc.,
　No. 06-1507-S, 2006 WL 7132701 (N.D. Ala. Sept. 29, 2006) ......................................8, 9, 11

Johns v. Panera Bread Co.,
　No. 08-1071, 2008 WL 2811827 (N.D. Cal. July 21, 2008) ...................................................14

Kettler v. Presstek, Inc.,
　No. 03-0846, 2003 WL 21788870 (N.D. Tex. July 31, 2003) .................................................13

Koslofsky v. Santaturs, Inc.,
    No. 10-9160, 2011 WL 10894856 (S.D.N.Y. Aug. 18, 2011)...................................9

Martignago v. Merrill Lynch & Co.,
    No. 11-3923, 2012 WL 112246 (S.D.N.Y. Jan. 12, 2012) .....................................10

Montgomery v. Tap Enters., Inc.,
    No. 06-5799, 2007 WL 576128 (S.D.N.Y. Feb. 26, 2007).........................................5

Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Turtur,
    743 F. Supp. 260 (S.D.N.Y. 1990) ..............................................................9

Rindfleisch v. Gentiva Health Sys., Inc.,
    752 F. Supp. 2d 246 (E.D.N.Y. 2010) ................................................... passim

River Rd. Int'l, L.P. v. Josephthal Lyon & Ross Inc.,
    871 F. Supp. 210 (S.D.N.Y. 1995) ..............................................................7

S & H Unif. Corp. v. V-Tex, Inc.,
    No. 03-4939, 2003 WL 22439644 (S.D.N.Y. Oct. 24, 2003)....................................7

Seltzer v. Omni Hotels,
    No. 09-9115, 2010 WL 3910597 (S.D.N.Y. Sept. 30, 2010) ..................................15

Societe Generale v. Florida Health Sciences Ctr., Inc.,
    No. 03-5615, 2003 WL 22852656 (S.D.N.Y. Dec. 1, 2003) ....................................7

Tsouris v. The Shaw Grp. Inc.,
    No. 09-387, 2009 WL 3192936 (W.D. Pa. Oct. 6, 2009) .......................................8

Van Dusen v. Barrack,
    376 U.S. 612 (1964).............................................................................5

Waldmer v. SER Solutions, Inc.,
    No. 05-2098, 2006 WL 314346 (D. Kan. Feb. 3, 2006)..........................................8

Ward v. Fluor Enters., Inc.,
    No. 10-04361, 2011 WL 778720 (N.D. Cal. Mar. 1, 2011) ...............................13, 14

Williams v. City of New York,
    No. 03-5342, 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006)....................................5, 7

STATUTES

28 U.S.C. § 1391(b) .............................................................................6

28 U.S.C. § 1404(a) ...................................................................... passim

Fair Labor Standards Act ("FLSA") ....................................................... passim

iii

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................................4, 15

Fed. R. Civ. P. 45(b)(2), (c)(3) & (e) ........................................................................................12

## I.    INTRODUCTION

Plaintiffs Yury Gokhberg, Marat Gokhberg, David Jaffe, Surekha Bassi, and Marck Franchi ("Plaintiffs") are current and former Mortgage Loan Officers ("MLOs") who initiated this nationwide collective action against Defendants The PNC Financial Services Group, Inc. and PNC Bank, National Association (collectively, "PNC" or "Defendants").  Plaintiffs allege that they and other MLOs across the country worked unpaid overtime hours for which they are entitled to be paid under the Fair Labor Standards Act ("FLSA"), and have asserted this action as a nationwide collective action on behalf of all current and former MLOs who worked for PNC during the last three years anywhere in the United States.

Plaintiffs chose to file their complaint in this forum despite the fact that it bears almost no connection to this case.  PNC is headquartered in Pittsburgh, Pennsylvania, which is in the Western District of Pennsylvania.  All of the Plaintiffs worked for PNC outside of this forum, except that one of them once worked in the Southern District of New York for a short portion of his employment.  This Court already has questioned the flimsy connection between this case and the Southern District of New York by issuing a show cause order on August 21, 2015.  In response, Plaintiffs insisted that this case remain here, despite the lack of any significant connection to this forum.  The only plausible explanation for this decision is that Plaintiffs are forum shopping.

Within mere days of the date Plaintiffs filed this action, another action was filed in the Western District of Pennsylvania, Bland v. PNC Bank, Case No. 1:15-cv-06001 (W.D. Pa. 2015).  The Bland case alleges the same off-the-clock claims for unpaid overtime under the FLSA on behalf of the same nationwide group of MLOs employed by PNC during the same three year time period.  See Decl. of Sarah E. Bouchard, ("Bouchard Decl.") ¶ 2, Ex. A ("Bland Compl.") ¶ 18.

In these circumstances, the law is clear that transfer to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) is appropriate.  Numerous factors make the Western District of Pennsylvania by far the most convenient and efficient forum to adjudicate Plaintiffs' claims, including most significantly:

- The related <u>Bland</u> case in the Western District of Pennsylvania, which raises an identical nationwide collective action claim on behalf of the same employees;
- Parties and key witnesses central to Plaintiffs' nationwide collective action claim are located in or near the Western District of Pennsylvania; and
- Plaintiffs' choice of forum is not entitled to deference due to the forum shopping described above, Plaintiffs' choice to bring a nationwide collective action claim, and the small number of individuals who worked in New York and in this District in particular.

Simply put, no material connection exists between Plaintiffs' lawsuit and this District, and this nationwide collective action should be adjudicated in a consolidated action with the identical nationwide collective action pending before the Western District of Pennsylvania, which also is where PNC is headquartered.  Denying transfer will cause hardship and inconvenience to the putative collective action members and other pertinent witnesses. Moreover, denying transfer also would be highly inefficient and prejudicial to PNC given that many of the same issues would be wastefully litigated in two separate district courts in two different federal circuits with the potential for inconsistent rulings.  For these reasons, and as stated more fully herein, Defendants respectfully request that this case be transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## II.    FACTUAL BACKGROUND

### A.    <u>Background Regarding PNC And Its MLOs</u>

PNC is headquartered in Pittsburgh, Pennsylvania and provides banking, mortgage, and other financial services for customers throughout the country.  Compl. ¶¶ 3-4.  PNC currently employs over 800 Mortgage Loan Officers ("MLOs") nationwide, and over the last three years,

2

PNC has employed over 2,300 MLOs nationwide.  See Bouchard Decl. ¶ 3, Ex. B ("Haas Decl.")
¶¶ 2-3.  MLOs are responsible for originating mortgage loans for PNC.  Haas Decl. ¶ 2.

 PNC employs very few MLOs in New York and only a handful of MLOs have worked in
this District in particular.  Over the last three years, just 17 of PNC's over 2,300 MLOs have
worked for PNC in the Southern District of New York (only 0.7%), and just 67 MLOs have
worked in the entire State of New York (only 3%).  Id. ¶ 3.  Contrary to Plaintiffs' assertion in
their Response to the Court's Show Cause Order, PNC does not have a New York
"headquarters."  Id.  Indeed, PNC only has two locations in the Southern District of New York.
Id.  PNC's only headquarters is located in Pittsburgh, Pennsylvania, within the Western District
of Pennsylvania.  Id. ¶¶ 3-4.  PNC's compensation department, employee relations department,
and payroll department all are based out of PNC's Pittsburgh headquarters, and most of PNC's
senior management employees in these departments reside in Pittsburgh.  Id. ¶ 4.

 **B.** **Plaintiffs' Claims**

 Plaintiffs are current and former MLOs who worked for PNC in its Bayside, Melville,
and Garden City branches, all of which are located in the Eastern District of New York.  ECF
No. 1 ("Compl.") ¶ 13.  One Plaintiff, David Jaffe, transferred to and worked in PNC's Madison
Avenue branch in this District during the last year of his four years of employment with PNC.
Id.  Plaintiffs claim in this action that they and other MLOs worked off-the-clock overtime hours
for which they were not compensated in violation of the FLSA.  See id. ¶¶ 20-30, Count I.
Plaintiffs further allege that "[t]here are many similarly situated current and former MLOs
nationwide who have been subject to defendants' policies and practices of failing to compensate
them for work in excess of 40 hours per week in violation of the FLSA."  Id. ¶ 39.  Accordingly,
Plaintiffs seek to bring this action on behalf of all current and former MLOs nationwide who
have worked for PNC during the last three years.  Id. ¶¶ 38-39, 42.  Plaintiffs also allege class

action claims under Federal Rule of Civil Procedure 23 for various alleged violations of New York state law.  Id. at Counts II & III.  No MLOs have chosen to file opt-in forms purporting to join this case to date.

### C. The *Bland* Claims

Within days of the filing of this action, four plaintiffs filed the Bland action in the Western District of Pennsylvania.  Bland v. PNC Bank, Case No. 1:15-cv-06001 (W.D. Pa. 2015).  Like Plaintiffs in this action, the Bland Plaintiffs allege that they and other MLOs regularly worked off-the-clock overtime hours for which they were not paid.  See Bland Compl. ¶¶ 49-51.  The Bland Complaint accordingly alleges the exact same nationwide FLSA off-the-clock collective action on behalf of current and former MLOs who worked for PNC during the last three years.  Id. ¶ 18.  The Bland Complaint also alleges a minimum wage claim under the FLSA (see id. at Count II, ¶¶ 110-14) and class action claims under Federal Rule of Civil Procedure 23 for various alleged violations of Pennsylvania law.  Id. at Counts III & IV, ¶¶ 115-33.  17 MLOs from Pennsylvania, Florida, and Virginia already have filed opt-in forms purporting to join the Bland action.  See Bland, Case No. 1:15-cv-06001, at ECF Nos. 3-4 (W.D. Pa. 2015).  Defendants have not yet responded to the Bland Complaint, and the Initial Case Management Conference has been scheduled for next month.  Id. at ECF No. 6.

## III. ARGUMENT

### A. The Standard For Transfer Pursuant To 28 U.S.C. § 1404(a).

Section 1404(a) provides a district court with broad authority to transfer an action to a more appropriate district "[f]or the convenience of parties and witnesses," provided that the action "might have been brought" in the transferee district.  28 U.S.C. § 1404(a).  The primary goals of the transfer statute are to "prevent the waste of time, energy and money" and to "protect

litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation omitted).

In considering whether to transfer a case pursuant to Section 1404(a), courts will engage in a two-step process.  First, courts determine whether the action "might have been brought" in the proposed transferee forum.  28 U.S.C. § 1404(a).  Next, courts balance a variety of factors aimed at identifying the most convenient and efficient forum, including:  trial efficiency and the interests of justice; the convenience of witnesses; the locus of operative facts; the convenience of parties; the availability of process to compel the attendance of unwilling witnesses; the location of relevant documents and relative ease of access to sources of proof; the weight that should be accorded to plaintiff's choice of forum; the forum's familiarity with the governing law; and the relative means of the parties.  See, e.g., Rindfleisch v. Gentiva Health Sys., Inc., 752 F. Supp. 2d 246, 250 (E.D.N.Y. 2010); Montgomery v. Tap Enters., Inc., No. 06-5799, 2007 WL 576128, at *5 (S.D.N.Y. Feb. 26, 2007).

There is no rigid formula for balancing these factors.  However, when there is a related or similar case pending in the proposed transferee forum, that fact often is the "determinative" factor in the Section 1404(a) analysis.  See, e.g., Williams v. City of New York, No. 03-5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) (granting motion to transfer and holding that "courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative").  For the reasons discussed below, this critical factor, as well as almost all of the other Section 1404(a) factors, weigh strongly in favor of transferring this action to the Western District of Pennsylvania.

**B.**     **The Western District Of Pennsylvania Is A Proper Forum.**

Because Section 1404(a) permits a district court to transfer a civil action "to any other district or division where it might have been brought in the first instance," the threshold inquiry must be whether Plaintiffs could have brought this action in the Western District of Pennsylvania.  28 U.S.C. § 1404(a); Hoffman v. Blaski, 363 U.S. 335, 336 (1960); Freeman v. Hoffman-La Roche, Inc., No. 06-13497, 2007 WL 895282, at *2 (S.D.N.Y. Mar. 21, 2007) (granting motion to transfer putative FLSA collective action and state law class action to the District of New Jersey).

Defendants are headquartered in Pittsburgh and are citizens of Pennsylvania.  Compl. ¶¶ 4-5.  Pittsburgh is also the location where each of the Plaintiffs received their initial training to be MLOs.  Id. ¶ 15.   Plaintiffs bring claims for overtime on behalf of themselves and all current and former MLOs nationwide who worked for PNC during the last three years, alleging that Defendants had a uniform policy of depriving MLOs of overtime.  Id. ¶¶ 38-39.  As such, this case could have been filed in the Western District of Pennsylvania because Defendants reside in that district and because a significant portion of the alleged events underlying Plaintiffs' claim occurred within that district.  See 28 U.S.C. § 1391(b) (venue is proper where the defendant resides (i.e., is subject to personal jurisdiction) or where a substantial part of the events underlying the cause of action arose).  Accordingly, transfer under Section 1404(a) is permissible.

**C.**     **The Western District Of Pennsylvania Is The Far More Convenient And Efficient Forum For This Action Under Section 1404(a).**

       ***1.***     ***The Interests Of Justice And Judicial Efficiency Determinatively Favor Litigating This Case In The Western District Of Pennsylvania.***

The interests of justice and judicial efficiency weigh strongly, and determinatively, in favor of transferring this case to the Western District of Pennsylvania.  The Supreme Court has

made clear that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960) (affirming transfer to a district with a related case). Accordingly, when there is a related or similar case pending in the proposed transferee forum, courts in the Second Circuit have considered that to be a "determinative" factor in the Section 1404(a) analysis. See, e.g., Williams, 2006 WL 399456, at *3 (granting motion to transfer the first-filed case to the second-filed forum, holding that the presence of a related case can be "determinative"); Societe Generale v. Florida Health Sciences Ctr., Inc., No. 03-5615, 2003 WL 22852656, at *8 (S.D.N.Y. Dec. 1, 2003) (granting motion to transfer the first-filed action to the second-filed forum because the balance of convenience factors under 1404(a) favored transfer); S & H Unif. Corp. v. V-Tex, Inc., No. 03-4939, 2003 WL 22439644, at *2 (S.D.N.Y. Oct. 24, 2003) (granting motion to transfer the first-filed case to the second-filed forum, holding that "it makes no sense for both lawsuits to proceed in separate fora when they are mirror images of each other, [and] considerations of trial efficiency militate strongly towards transferring this case to the Northern District of Illinois"); River Rd. Int'l, L.P. v. Josephthal Lyon & Ross Inc., 871 F. Supp. 210, 214 (S.D.N.Y. 1995) (granting motion to transfer first-filed action to second-filed forum because "[t]he presence of related litigation in the transferee forum weighs heavily in favor of transfer").[1]

---

[1] To the extent that Plaintiffs attempt to argue that transfer should be denied because this case was filed 8 days before the Bland case, as is evident from the numerous cases cited above, the order in which the cases were filed is irrelevant to the Section 1404(a) analysis. See, e.g., Williams, 2006 WL 399456, at *4 ("Thus, 'the first-filed doctrine does not supersede the inquiry into the balance of convenience required under § 1404 and 'a transfer justified under § 1404(a) is proper even if the action to be transferred was filed before a related action was filed in the transferee district.'") (internal citation omitted); S & H Unif. Corp., 2003 WL 22439644, at *1 (same); River Rd., 871 F. Supp. at 214-15 (same).

With respect to FLSA collective actions in particular, courts regularly transfer cases under Section 1404(a) on the grounds that a similar collective action exists in another jurisdiction.  See, e.g., Tsouris v. The Shaw Grp. Inc., No. 09-387, 2009 WL 3192936, at *4 (W.D. Pa. Oct. 6, 2009) (granting motion to transfer FLSA retaliation claim, holding that "[t]he pendency of this related [FLSA collective action in the transferee forum] weighs heavily in favor of a transfer of venue."); Ingram v. Family Dollar Stores of Ala., Inc., No. 06-1507-S, 2006 WL 7132701, at *4 (N.D. Ala. Sept. 29, 2006) (granting motion to transfer an FLSA off-the-clock collective action to the district where defendant is headquartered and where similarly related lawsuits were pending, holding that "[t]he existence of pending FLSA actions against [defendant] in North Carolina strongly weighs in favor of transferring this nationwide FLSA claim to the United States District Court for the Western District of North Carolina."); Waldmer v. SER Solutions, Inc., No. 05-2098, 2006 WL 314346, at *5 (D. Kan. Feb. 3, 2006) (granting motion to transfer a first-filed FLSA collective action to the district where defendant is headquartered and where there was a related lawsuit pending, holding that transfer "is warranted to facilitate consolidation with the existing [] lawsuit, which involves related issues and allegations").

This is because it would be patently inefficient to litigate the same case simultaneously in two different fora.  As aptly explained by one judge in this District in granting a motion to transfer an action to a district in which there was a later filed action:  "The presence of related litigation in the transferee forum weighs heavily in favor of transfer, since litigation of related claims in the same tribunal results in more efficient conduct of pretrial discovery, saves witnesses time and money in both trial and pretrial proceedings, and avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the parties while at the same

8

time serving the public interest." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Turtur, 743 F.

Supp. 260, 263 (S.D.N.Y. 1990) (internal quotations omitted).  This reasoning is fully applicable

to this case, where numerous overlapping issues would be litigated at the same time in this action

and the Bland action, such as the scope of discovery regarding the proposed collective action,

conditional certification of the proposed collective action, and possibly decertification of the

proposed collective action, with potentially conflicting rulings on these important issues.  See

Ingram, 2006 WL 7132701, at *4 (noting that litigating the same FLSA issues in two different

districts would lead to a waste of "time, energy, and money" and that collecting cases holding

that the presence of a related case is the "most persuasive reason for transferring this action").

Under all of this well-established case law, transfer to the Western District of

Pennsylvania should be ordered in this case.  The primary claim in both Bland and this case is

the off-the-clock claim on behalf of the same nationwide group of current and former MLOs who

worked for PNC for the last three years.  See supra at 3-4.  As the Supreme Court has warned,

litigating these same claims simultaneously in two forums will "lead[] to the wastefulness of

time, energy and money that § 1404(a) was designed to prevent."  Cont'l Grain, 364 U.S. at 26

(affirming transfer to a district with a related case).  Accordingly, the virtually identical Bland

action weighs strongly, and determinatively, in favor of transfer to the Western District of

Pennsylvania.[2]  See supra at 3-4.

---

[2]  Moreover, courts also consider factors such as docket congestion as part of the judicial efficiency factor
under Section 1404(a).  Colida v. Panasonic Corp. of N. Am., No. 05-5791, 2005 WL 3046298, at *4
(S.D.N.Y. Nov. 10, 2005) (noting that "docket conditions or calendar congestion of both the transferee
and transferor districts is a proper factor for the Court to consider") (citation omitted); see also
Koslofsky v. Santaturs, Inc., No. 10-9160, 2011 WL 10894856, at *4 (S.D.N.Y. Aug. 18, 2011) (giving
weight to trial efficiency in a transfer motion).  Here, the most recent statistics show that the there are
over 18,500 cases pending in this district.  See Bouchard Decl. ¶ 4 (citing Federal Court Management
Statistics, March 2015).  By contrast, the Western District of Pennsylvania only has approximately
2,500 cases pending.  Id.

**2.      *The Locus of Operative Facts And The Convenience Of The Potential Witnesses And Parties Weigh In Favor Of Transfer.***

Many other factors weigh in favor of transferring this case to the Western District of

Pennsylvania, including the locus of operative facts and the convenience of potential witnesses

and parties.  Where a plaintiff raises class or collective action claims based on allegations of a

nationwide policy or practice, as Plaintiffs do here, the locus of many of the operative facts and

testimonial witnesses necessary to the proof and/or defense of the claims may be located in the

forum where a defendant's headquarters is located.  See, e.g., Rindfleisch, 752 F. Supp. 2d at 253

(granting motion to transfer in FLSA off-the-clock and unlawful compensation plan case,

holding that the "more critical and extensive [testimony] is likely to be provided by the parties

and witnesses residing . . . where [the company] is headquartered and [where the] executives

who set company-wide policies are based."); Farrior v. George Weston Bakeries Distrib., Inc.,

No. 08-2705, 2009 WL 113774, at *4 (E.D.N.Y. Jan. 15, 2009) (granting motion to transfer

where FLSA collective action raised questions about defendant company's compensation

policies and practices, because, *inter alia,* substantial aspects of those policies were developed by

individuals at corporate headquarters); Earley v. BJ's Wholesale Club, Inc., No. 06-3529, 2007

WL 1624757, at *2-3 (S.D.N.Y. June 4, 2007) (granting transfer to the district where defendant

was headquartered in an FLSA off-the-clock case "[b]ecause Plaintiff's claims focus on the

nature and implementation of Defendant's company-wide overtime policies"); see also

Martignago v. Merrill Lynch & Co., No. 11-3923, 2012 WL 112246, at *2 (S.D.N.Y. Jan. 12,

2012) (denying motion to transfer FLSA off-the-clock collective action to the district where

plaintiffs lived and worked because the defendant's headquarters were in the Southern District of

New York and so it was more convenient for the key witnesses for the case to remain in the

Southern District of New York).

Here, Plaintiffs allege in this action that a collective group of MLOs "nationwide" were subject to "the same policies and practices regarding Defendants' failure to pay overtime compensation." Compl. ¶¶ 38-39. Potential witnesses concerning PNC's nationwide policies reside at PNC's corporate headquarters in Pittsburgh, including key individuals in PNC's compensation department, employee relations department, and payroll department, all of which are based in Pittsburgh. Haas Decl. ¶ 4. The location of PNC's headquarters and these witnesses in particular in the Western District of Pennsylvania weighs heavily in favor of transfer.

Moreover, the Western District of Pennsylvania is the more convenient forum for the parties and key witnesses to the nationwide off-the-clock claims alleged by Plaintiffs. Requiring 99.3% of the proposed collective action members to litigate their claims in a forum where only a handful of individuals worked would be not only inconvenient, but also patently unfair. See supra at 2-3. In these cases, individualized testimony from members of the collective and their managers is critical to establishing both collective treatment and the merits of the claims. Requiring these key witnesses to travel to Pittsburgh, where the company they work for is headquartered and where many of them already have travelled to attend training (see Compl. ¶ 15), is far more convenient and fair and also weighs in favor of transfer to the Western District of Pennsylvania. See, e.g., Dacar v. Saybolt LP, No. 10-CV-12-F, 2011 WL 223877, at *5 (E.D.N.C. Jan. 24, 2011) (granting transfer of an FLSA off-the-clock collective action, noting that transferring to the Southern District of Texas, where defendants were headquartered, was more convenient for the potential plaintiffs located throughout the country); Ingram, 2006 WL 7132701, at *2 (noting that the presence of defendant's employees throughout the country may

11

make plaintiff's choice of forum inconvenient for the "vast majority of potential plaintiffs").[3] Additionally, even though this action and the <u>Bland</u> action were filed a few days apart, 17 individuals have chosen to opt-in to the <u>Bland</u> action and not a single individual has chosen to opt-in to this action, further demonstrating that the Western District of Pennsylvania is the more convenient forum where the members of the proposed collective prefer to litigate their claims. <u>See</u> <u>supra</u> at 4.

### 3. The Court Should Not Defer To Plaintiffs' Choice Of Forum.

Although a plaintiff's choice of forum in non-class or collective actions filed in his or her home jurisdiction typically is given some deference, here, Plaintiffs' forum choice is not entitled to deference for several reasons.

First, as this Court noted in its show cause order, the named Plaintiffs in this action have very little connection to this forum.  All of the Plaintiffs worked for PNC outside of this forum in the Eastern District of New York, and the one Plaintiff who did perform some work in this forum did so for only approximately one year, with the remaining three years of his employment in a branch located in the Eastern District of New York along with the other Plaintiffs.  Compl. ¶ 13. In these circumstances, any deference owed to Plaintiffs' choice of forum is significantly diminished.  <u>See</u> <u>Rindfleisch</u>, 752 F. Supp. 2d 246, 252, 262 (noting that the plaintiffs resided in the Northern District of New York and not the Eastern District of New York where they filed, and holding that "the deference that typically would be owed to plaintiffs' choice of forum is significantly diminished in this case because plaintiffs do not reside in this District and this District has little or no connection to the operative facts in this case."); <u>Eichenholtz v. Brennan</u>,

---

[3]  A related factor to the convenience of key witnesses and parties is the forum's ability to compel unwilling witnesses.  <u>See</u> <u>Rindfleisch</u>, 752 F. Supp. 2d at 250; Fed. R. Civ. P. 45(b)(2), (c)(3) & (e) (limiting the subpoena power of federal courts to within 100 miles of the place of trial).  Again, because only a fraction of the putative collective action have worked in the Southern District of New York, the Western District of Pennsylvania is likely to have greater ability to compel unwilling witnesses.

677 F. Supp. 198, 201 (S.D.N.Y. 1988) (holding that "plaintiff's choice of forum is given less weight where, as here, the plaintiff is not a resident of the forum and the cause of action is minimally connected with the forum."); Kettler v. Presstek, Inc., No. 03-0846, 2003 WL 21788870, at *2 (N.D. Tex. July 31, 2003) (holding that plaintiff's choice of forum in an FLSA collective action is "accorded reduced weight" because he resides in "the *Western*, not the *Northern*, District of Texas") (emphasis in original).

Second, Plaintiffs' decision not to file this case in the jurisdiction in which they all worked for PNC raises the concern of improper forum shopping.  Even after receiving this Court's show cause order, Plaintiffs have refused to transfer this action to the jurisdiction in which they all worked for PNC.  Such indicia of forum shopping further diminish any deference owed to Plaintiffs' choice of forum.  See Freeman, 2007 WL 895282, at *3 (granting transfer in FLSA collective action where plaintiffs did not file in their home district and holding that an "important interest[ ] to be considered [is] the discouragement of forum shopping") (internal quotations excluded); Ward v. Fluor Enters., Inc., No. 10-04361, 2011 WL 778720, at *2 (N.D. Cal. Mar. 1, 2011) (granting transfer of venue in an FLSA case where plaintiffs resided in the Central District of California but filed in the Northern District of California, noting that "[t]he policy behind not deferring to a nonresident plaintiff's choice of venue appears tied to the notion that plaintiffs should be discouraged from forum shopping"); Rindfleisch, 752 F. Supp. 2d at 252 (granting transfer of venue to the district where defendant's headquarters was located in a case involving plaintiffs who sought to try the case in a district where they neither lived nor worked because "[w]here it appears that the plaintiff [i]s forum shopping and that the selected forum has little or no connection with the parties . . . plaintiff's choice of forum is entitled to no weight whatsoever, and the transfer of venue is appropriate") (citations omitted).

Third, and finally, Plaintiffs' choice of forum is not entitled to deference because they seek to proceed as a putative collective action, and in addition, only a miniscule percentage (0.7%) of the putative collective action members worked in the Southern District of New York. See supra at 2-3; Horanzy v. Vemma Nutrition Co., -- F. Supp. 3d --, No. 14-1296, 2015 WL 728379, at *4 (N.D.N.Y. Feb. 18, 2015) (granting transfer of venue and holding that plaintiffs' choice of forum is entitled "to only minimal weight" because plaintiff filed a putative nationwide class action with minimal connection to the chosen district); Andrews v. A.C. Roman & Assocs., 914 F. Supp. 2d 230, 238 (N.D.N.Y. 2012) (granting motion to transfer putative nationwide FLSA collective action and state class claims and noting that "a plaintiff's choice of forum is given less weight in the transfer analysis where a plaintiff seeks to bring an action on behalf of himself and a putative class"); Rindfleisch, 752 F. Supp. 2d at 252 (noting that plaintiffs choice of forum is not entitled to deference because they filed a putative class action); Farrior, 2009 WL 113774, at *3 n.3 (granting motion to transfer and refusing to give deference to plaintiff's choice of forum in a putative FLSA collective action); Johns v. Panera Bread Co., No. 08-1071, 2008 WL 2811827, at *3 (N.D. Cal. July 21, 2008) (holding that plaintiff's choice of forum is "entitled [to] little deference" because even though plaintiff resides in the Northern District of California, only a fraction of the purported class worked in that district); Earley, 2007 WL 1624757, at *2 ("[A] plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action.") (quotations and citations omitted); see also Ward, 2011 WL 778720, at *3 ("Plaintiffs' choice of forum carries less weight because this action is brought as a collective action and class action.").

Given the lack of connection between Plaintiffs' claims and this Court, and the fact that they have chosen to file this lawsuit as a putative nationwide FLSA collective action, like the

many cases cited above, deference should not be given to Plaintiffs' choice of forum and this factor also weighs in favor of transferring this case to the Western District of Pennsylvania.[4]

## IV.     CONCLUSION

In sum, all of the factors discussed above weigh decidedly in favor of transferring this action to the Western District of Pennsylvania so that the identical nationwide collective action claims can be tried in one consolidated action, in the forum in which PNC is headquartered.  For the aforementioned reasons, Defendants respectfully request that the Court grant their Motion and transfer this action to the Western District of Pennsylvania.

Dated: September 11, 2015                    Respectfully submitted,

                                             MORGAN, LEWIS & BOCKIUS LLP

                                             /s/ Sarah E. Bouchard
                                             Sarah E. Bouchard (*Pro Hac Vice*)
                                             1701 Market Street
                                             Philadelphia, PA  19103
                                             215-963-5077
                                             215-963-5001 (fax)
                                             sbouchard@morganlewis.com

---

[4] The three remaining factors, the location of relevant documents, the forum's familiarity with the governing law, and the relative means of the parties, are neutral factors.  Given today's technology, the location of relevant documents is rarely considered in Section 1404(a) analyses.  See Andrews, 914 F. Supp. 2d at 239 (noting that "the location of relevant documents may be of less significance in light of modern copying and reproduction technologies").  Moreover, the fact that Plaintiffs have alleged New York state law class action claims over which the Court has supplemental jurisdiction is a neutral factor, as federal courts are fully capable of handling such claims.  See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 584 (2013) (affirming transfer of venue, and noting within the context of examining the transferee courts familiarity with applicable law that "federal judges routinely apply the law of a State other than the State in which they sit").  Indeed, federal courts regularly apply any number of states' laws in supplemental Rule 23 class action claims filed with FLSA collective actions.  Further, the relative means of the parties is not a factor that should bear on the transfer analysis here.  While courts sometimes consider the means of the parties, Plaintiffs must offer evidence that transfer would be "unduly burdensome," a burden that Plaintiffs cannot meet in this case. Seltzer v. Omni Hotels, No. 09-9115, 2010 WL 3910597, at *5 (S.D.N.Y. Sept. 30, 2010) (noting that "a party arguing for or against transfer on [the] grounds [of unequal means between the parties] must offer documentation to show that transfer . . . would be unduly burdensome to his finances") (internal quotations omitted).

Melissa D. Hill
101 Park Avenue
New York, NY  10178
212.309.6318
212.309.6001 (fax)
melissa.hill@morganlewis.com

*Attorneys for Defendants*