# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEMUEL BLAND, ET AL.,

      Plaintiffs,                15cv1042

**ELECTRONICALLY FILED**

      v.

PNC BANK, N.A.,

      Defendant.

## MEMORANDUM ORDER RE: PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY AS COLLECTIVE ACTION AND RULINGS ON OBJECTIONS TO NOTICE

On August 7, 2015, Plaintiffs filed an individual, class, and collective action complaint (doc. no. 1), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, et seq.; and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq. by Defendant PNC Bank, N.A. ("PNC"). At the October 26, 2015 Scheduling Conference, the Court ordered the Parties to confer and file a joint notice (or Plaintiffs' notice with PNC's objections) to potential members of the FLSA collective action to protect the rights of those individuals, while the Parties engage in early discovery and motions practice related to the four named Plaintiffs in an attempt to streamline the issues in this case. Doc. Nos. 31 and 32.

On November 6, 2015, Plaintiffs filed the instant motion to conditionally certify the FLSA collective action and a proposed notice to the potential collective members. Doc. No. 37. PNC filed objections to the proposed notice on the same date. Doc. No. 36. PNC filed its response to Plaintiffs' motion on November 13, 2015, (doc. no. 42), and Plaintiffs filed their opposition to PNC's objections to the proposed notice on the same date (doc. no. 44). For the

reasons set forth below, the Court will conditionally certify the FLSA collective action, and notice will be issued to the collective members in accordance with the procedures in this Order.

### I. Factual Background

The named Plaintiffs, including several Consent Opt-in Plaintiffs who have joined this action since the Complaint was filed, and the putative collective members, are individuals who worked as Mortgage Loan Officers ("MLOs") for PNC, during at least one workweek within the last three years, at any nationwide PNC location. Doc No. 1 at ¶¶ 4-7; 18; Doc. Nos. 3; 4; 16; 23; 26; 27; 35; and 45.[1] PNC estimates that the putative collective action is approximately 2,300 individuals. Doc. No. 17 ¶ 22.

The MLOs sell residential mortgage loans to PNC's customers throughout the United States. Doc. No. 17 ¶¶ 11-12. They are full-time employees of PNC who, beginning in 2011 or 2012, entered into Employment Agreements with PNC which provide a base salary of $24,000 per year. Doc. No. 17 ¶ 52. PNC classifies MLOs as non-exempt employees with regards to the overtime provision of the FLSA. Doc. No. 17 ¶ 68.

Plaintiffs allege that PNC has violated the FLSA in the following ways:

(1) That PNC fails to accurately track and record all hours actually worked by MLOs and that the MLOs are not compensated for all hours actually worked. Doc. No. 38 at 5 and 8-9;

(2) That PNC fails to correctly calculate the amount of overtime compensation for MLOs by not applying a "weighted average" to take into account all salary, commission, and non-discretionary payments to the MLOs. Doc. No. 38 at 6-7;

---

[1] To date, 77 individuals have filed Consent Opt-in forms to join the four Named Plaintiffs in this lawsuit.

(3) That PNC unlawfully deducts overtime compensation from subsequent earned commission payments, resulting in MLOs receiving less than the amount of overtime compensation to which they are entitled. Doc. No. 38 at 7-8; and

(4) That PNC fails to pay minimum wage to MLOs for all hours worked in a workweek. Doc. No. 38 at 10-11.

Plaintiffs allege, as supported by affidavits from individuals who worked in Florida, Maryland, Ohio, Pennsylvania, and Wisconsin, that PNC's wage payment policies as described above are applied uniformly to all MLOs nationwide and that each was encouraged to - - and did -- work "off the clock" uncompensated overtime hours. Plaintiffs' affidavits also contend that all similarly situated MLOs were encouraged to - - and did - - work "off the clock" hours without overtime compensation.

## II. Legal Standards

The FLSA allows plaintiffs to bring collective actions against employers, "for and in behalf of himself or themselves and other employees similarly situated" provided that each employee who wishes to be a party plaintiff gives consent in writing. 29 U.S.C. § 216(b). However, "conditional certification" is not really certification under the FLSA, but is within the district court's exercise of discretionary power to facilitate notice to potential plaintiffs. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (citing *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989)).

Courts within the Third Circuit employ a two-stage process for FLSA collective actions in which conditional certification for notice purposes is decided early in the case and, after fact discovery is complete, final certification is determined. *Symczyck v. Genesis Healthcare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011). The instant case is at the first stage, in which minimal

evidence is available to the Court, and Plaintiffs are required to make only a "modest factual showing" that potential opt-in plaintiffs to whom notice is to be sent are similarly situated to the named Plaintiffs. *Id.* Plaintiffs must set forth "a sufficient factual basis on which a reasonable inference could be made that potential plaintiffs are similarly situated." *Andrako v. United States Steel Corp.*, No. 07-cv-1629, 2009 WL 2855662 (W.D. Pa., September 2, 2009).

### III. Discussion

Plaintiffs here have set forth sufficient facts to allow the Court to make the initial determination contemplated in *Symczyck* to conditionally certify the collective action so that early notice may be sent to the potential opt-in plaintiffs and the case may proceed efficiently. PNC does not contend that its wage payment policies at issue are *not* applied uniformly to all MLOs and, in fact, admits that each receives the same Employment Agreement, same base salary, and same incentive terms. Doc. No. 17 ¶¶ 39-43; 52-59.

PNC's primary argument seems to be that notice at this juncture is premature and would not result in the efficient litigation of these claims. Doc. No. 42 at 3-5. The Court finds this argument unavailing, since other courts have found judicial economy and efficiency is the precise purpose for early notification in FLSA collective actions. *See Hoffmann-LaRoche Inc.*, *Zavala*, and *Symczyk*.

PNC also argues that the Plaintiffs' affidavits are unreliable and cannot support the Plaintiffs' modest burden to show that potential opt-in plaintiffs are similarly situated. Doc. No. 42 at 11-12. Although the Court recognizes that the factual support is slight for one of the Plaintiffs' claims - - whether and how much routine "off the clock" work was performed without compensation - - the balance of Plaintiffs' claims are based upon Policies which PNC has not

denied were uniformly applied to all MLOs.  Accordingly, the Court finds that Plaintiffs have satisfied their modest burden at this stage and the collective action will be certified.

### IV. Objections to Proposed Notice

The Court now turns to the dispute between the Parties regarding the form of notice to be sent to potential opt-in plaintiffs.  Again, the bulk of PNC's objections are arguments attempting to persuade the Court that notice should not be sent at this time.  Doc. No. 36 at 2-10.  Having disposed of that issue, *supra*, the Court will not address those objections.  The Court notes at the outset that it enjoys broad discretion to fashion the form of notice to be sent to potential opt-in plaintiffs.  *Hoffmann-La Roche, Inc.* 493 U.S. at 170.

### A. Notice Dissemination and Period to Opt-In

Plaintiffs' notice plan includes sending notice to the potential plaintiffs identified by PNC by U.S. Mail and email, providing website information and an opportunity to submit consent forms online, and sending a "reminder" postcard halfway through the notice period - - which Plaintiffs contend should be 120-days.  Doc. Nos. 37-17 and 44 at 9-12.  PNC argues that the notice period should be 60-days, that notice should only be sent by U.S. Mail a single time, and also objects to Plaintiffs' counsel's website being mentioned on the notice.

The Court finds that a notice period of 100-days is sufficient in this case and that Plaintiffs' counsel's plan to send the notice by email and U.S. Mail is reasonable.  As the basis for its argument that the website should be removed, PNC cites to a 2009 case in this District, in which said Court removed plaintiffs' counsel's website references without discussion.  *Camesi v. UPMC*, No. 09-85J, 2009 WL 1929873 at *2 (W.D. Pa., July 1, 2009).  The Court agrees with Plaintiffs that including website information - - and therefore providing potential opt-in plaintiffs with easy access to information and an easy method by which to opt-in if they so choose - - does

not prejudice PNC in any way. The Court further rejects PNC's argument that the Court could not "control" the content posted on Plaintiffs' counsel's website if such content was found to be in violation of an order of the Court or the Federal Rules of Civil Procedure.

Because the website and email notices, combined with the U.S. Mail notices, will provide opt-in plaintiffs with ample opportunity during the 100-day period to gather information and determine whether or not to opt-in, the Court finds that an additional post-card reminder is unwarranted.

### B. Potential Award of Costs Against Plaintiffs

PNC objects that Plaintiffs' proposed notice does not adequately inform potential opt-in plaintiffs that, if PNC ultimately prevails over Plaintiffs, it may seek an award of costs against the named Plaintiffs and all plaintiffs who opt-in. Doc. No. 36 at 11. Plaintiffs' counsel has agreed to indemnify Plaintiffs from such costs, provided the Court does not require such language to be on the notice. Doc. No. 44 at 4. The Court finds it is appropriate to include information about a potential award of costs against any opt-in plaintiffs and will order Plaintiffs' counsel to include that language and language regarding the indemnification Plaintiffs' counsel is agreeing to provide to Plaintiffs and all potential opt-in plaintiffs. *See Dunkel v. Warrior Energy Services, Inc.*, 304 F.R.D. 193, 204-207 (W.D. Pa., Dec. 23, 2014).

### C. Case Caption

PNC objects to the inclusion of the case caption on the notice, arguing that it implies judicial endorsement of the merits of the claims citing *Hoffmann-LaRoche Inc*. and *Knispel v. Chrysler Group LLC*, 2012 U.S. Dist. LEXIS 21188 (E.D. Mich. Feb. 21, 2012). Doc. No. 36 at 12. In *Hoffman-LaRoche Inc.*, the United States Court of Appeals for the Third Circuit was concerned about a notice appearing on court letterhead - - not a notice which utilized a standard

case caption to identify the parties, court, and case number. *See* 862 F.2d 439, 447 (3d Cir. 1988) *aff'd* 493 U.S. 165 (1989). The district court in *Knispel* only stated "[t]he case caption shall not appear on the notice[]" without discussion or any indication as to the arguments made by either party in that case as to inclusion of the caption. 2012 WL 553722 at *7.

The Court will overrule this objection. Plaintiffs' proposed notice form includes an adequate provision explaining that the Court has not expressed any opinion as to the merits of Plaintiffs' claims. Doc. No. 37-17 at 4-5. There is nothing suggestive of judicial approval or authorization in a case caption (which is included on nearly every document filed in any case). The Court finds that including the caption readily alerts a potential opt-in plaintiff that the notice relates to potential legal rights and prevents the notice from being discarded as "junk mail." *See Shipes v. Amurcon Corp.*, 2012 U.S. Dist. LEXIS 68420 at *2-3 (E.D. Mich., May 16, 2012).

### D. Anti-Retaliation Provision

Plaintiffs' proposed notice contains a provision stating that PNC will not retaliate against anyone who joins the lawsuit as an opt-in plaintiff and further declares that it is illegal under federal law for PNC to take any retaliatory measures against any opt-in plaintiff. Doc. No. 37-17 at 3. PNC objects to the inclusion of this provision as misleading, and Plaintiffs do not address the anti-retaliation provision in their response to PNC's objections. The Court finds that, in light of the absence of any showing of retaliation aimed towards Plaintiffs or potential opt-in plaintiffs by PNC, the inclusion of this language is unnecessary and could be misleading.

### E. Contact Information of PNC's Counsel

PNC objects that its counsel's contact information is not provided on the notice. Doc. No. 36 at 13-14. Plaintiff objects to including any contact information for PNC's counsel because the interests of counsel are clearly adverse to the potential opt-in plaintiffs who may

contact PNC's counsel seeking information about the lawsuit. Doc. No. 44 at 7. The Court finds it is appropriate to include PNC's counsel's names and law firm without telephone numbers or email addresses - - which will provide potential opt-in plaintiffs with information about who represents PNC without encouraging them (or misleading them) to contact PNC's counsel.

### F. Description of Claims

PNC also broadly objects to Plaintiffs' recitation of the claims and defenses in this lawsuit. The Court notes that it ordered the Parties to confer regarding the Notice - - and is going to do so again now - - and that conferring should resolve any disputes about the description of the legal claims and defenses in the lawsuit which should be straightforward. If agreement is not reached by December 4, 2015, said objections are overruled.

### IV. Conclusion

For the reasons set forth, the Court orders that the collective action under the FLSA is conditionally certified and the form and method for notice should be consistent with this Memorandum Order. The Parties must confer and submit a joint proposed notice and plan in conformance with this Memorandum Order by December 4, 2015.

                                                s/Arthur J. Schwab_____
                                                Arthur J. Schwab
                                                United States District Judge