**Morgan Lewis**

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel.  215.963.5000
Fax: 215.963.5001
www.morganlewis.com

**Sarah E. Bouchard**
215.963.5077
sbouchard@morganlewis.com


December 14, 2015


<u>**VIA ECF AND REGULAR MAIL**</u>

Honorable Laura Taylor Swain, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York  10007-1312

Re:   *Gokhberg, et al. v. The PNC Financial Services Group, Inc. et al.*, Case No. 1:15-cv-06001-LTS

Dear Judge Swain:

We represent The PNC Financial Services Group, Inc. and PNC Bank, National Association in the above-referenced action.  We write to respectfully request an expedited in-person or telephonic conference regarding the Motion for Class Certification Plaintiffs suddenly and prematurely filed on December 10, 2015 ("Plaintiffs' Motion").  Defendants intend to request that briefing and adjudication of Plaintiffs' Motion should be deferred until after the Court rules upon Defendants' Motion to Transfer this action to the United States District Court for the Western District of Pennsylvania (ECF No. 20) or, alternatively, until after Defendants have had the opportunity to conduct discovery relevant to Plaintiffs' Motion.

Defendants' Motion to Transfer has been fully briefed since September and is ripe for decision.  Pending disposition of this motion, an initial case management conference has not occurred, and discovery has not commenced.  The parties have not yet exchanged any discovery requests or responses, nor have they exchanged initial disclosures or even conferred regarding a discovery plan pursuant to Federal Rule of Civil Procedure 26(f).  Postponement of discovery has preserved the status quo until the Court decides whether this duplicative case should be litigated before this Court or instead transferred to the Western District of Pennsylvania where a virtually identical case already is being litigated at a rapid pace before Judge Arthur J. Schwab.  Indeed, this week Judge Schwab conditionally certified a collective action that will result in notice being sent to the members of the class Plaintiffs purport to represent in this case.  *See* ECF No. 29 (attaching orders conditionally certifying collective action and approving notice in *Bland v. PNC Bank, N.A.*, 2:15-cv-01042).

Almaty  Astana  Beijing  Boston  Brussels  Chicago  Dallas  Dubai  Frankfurt  Harrisburg  Hartford  Houston  London  Los Angeles  Miami  Moscow
New York  Orange County  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Santa Monica  Silicon Valley  Singapore  Tokyo  Washington
Wilmington

Honorable Laura Taylor Swain
December 14, 2015
Page 2

The Court should continue to preserve the status quo by deferring briefing on Plaintiffs' Motion until after the pending Motion to Transfer is decided.  To respond to Plaintiffs' Motion, Defendants are entitled to and would need to conduct discovery to determine whether Plaintiffs can satisfy the rigorous requirements of Rule 23.  It is entirely logical that only after some discovery can the Court conduct the required "rigorous" analysis to determine whether Plaintiffs can meet their burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met.  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

Requiring Defendants to commence discovery now for purposes of responding to Plaintiffs' Motion will result in the precise inefficiencies and wastefulness that necessitated the filing of Defendants' Motion to Transfer.  Defendants will be forced to engage in discovery that will be duplicative of ongoing and overlapping discovery in the *Bland* action.  Moreover, the *Bland* action involves a Rule 23 claim under Pennsylvania state law, and it will be far more efficient for Judge Schwab to adjudicate the propriety of both potential Rule 23 classes together, at the appropriate time after discovery.  Such adjudication of multiple state law Rule 23 classes is commonplace in wage and hour litigation.  Moreover, deferring adjudication of Plaintiffs' Motion will cause no prejudice to the proposed class members, given that the filing of the Rule 23 class action tolls the statute of limitations on class members' claims from the date the Complaint was filed.

For all of these reasons, Defendants respectfully request an expedited in-person or telephonic conference to discuss deferring briefing and adjudication of Plaintiffs' Motion.

Thank you for Your Honor's consideration.

Respectfully submitted,

*s/ Sarah E. Bouchard*

Sarah E. Bouchard

*Counsel for Defendants*


cc:   Gregory McGillivary, Esq. (via ECF)
      Hope Pordy, Esq. (via ECF)
      Melissa D. Hill, Esq.

DB1/ 85567295.1