```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MARAT GOKHBERG, YURY GOKHBERG,
DAVID JAFFE, SUREKHA BASSI, and
MARC FRANCHI,

                Plaintiffs,

          -v-                                        No. 15 CV 6001-LTS

THE PNC FINANCIAL SERVICES GROUP,
INC., and PNC BANK, N.A.,

                Defendants.

-----------------------------------------------------------x
```

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is a motion by The PNC Financial Services Group, Inc., and PNC Bank, N.A. (collectively, "PNC" or "Defendants") to transfer this action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). The Court has carefully considered the submissions of both parties and, for the following reasons, Defendants' motion is granted.

<u>Background</u>

On July 30, 2015, Plaintiffs Marat Gokhberg, Yury Gokhberg, David Jaffe, Surekha Bassi, and Marc Franchi (collectively, "Plaintiffs") filed this putative collective action against Defendants, alleging violations of the federal Fair Labor Standards Act and the New York Minimum Wage Act. Plaintiffs are all mortgage loan officers ("MLOs") who worked for Defendants and who allege that they were not properly paid overtime, minimum wage, or spread-of-hours pay under applicable federal and state law. Only a few days after Plaintiffs filed their action, a different set of plaintiffs filed a complaint in the Western District of Pennsylvania

asserting materially identical federal causes of action based on materially identical facts.  See Bland v. PNC Bank, No. 15 CV 1042 (W.D. Pa.).

According to the Complaint, Plaintiffs Marat and Yury Gokhberg, Surekha Bassi, and Marc Franchi worked for Defendants solely at locations in the Eastern District of New York, and Plaintiff David Jaffe worked for Defendants in the Eastern District of New York for three years followed by one year spent working in the Southern District of New York.  (See Docket entry no. 1, Complaint ¶ 13).  Defendants are headquartered in Pittsburgh, Pennsylvania, in the Western District of Pennsylvania, and do business nationwide, including in New York.  (Id. ¶¶ 3-4.)

Upon review of the Complaint, this Court issued an Order to Show Cause sua sponte (docket entry no. 12), ordering Plaintiffs to show cause why this action should not be transferred to the Eastern District of New York, where the vast majority of Plaintiffs' actual employment occurred.  Plaintiffs responded to the Court's Order on September 1, 2015.  (Docket entry no. 17.)  By letter, Defendants requested permission to respond to the Court's Order (docket entry no. 18), which this Court granted (docket entry no. 19).  Thereafter, Defendants filed the instant motion seeking transfer of this action to the Western District of Pennsylvania, where it could be heard alongside the Bland litigation that is currently proceeding in that district.  (Docket entry no. 20.)

## Discussion

28 U.S.C. section 1404(a) permits a district court to transfer any civil action to another district where the action might have been brought, where the transfer is "[f]or the convenience of the parties and witnesses, [or] in the interest of justice."  28 U.S.C.S. § 1404(a) (LexisNexis 2012).  Transfer is therefore appropriate where the moving party demonstrates that

(1) the action could have been validly brought in the district to which the motion seeks transfer, and (2) the transfer would be in the interest of justice and convenient to the parties and witnesses.  See In re CenturyLink, Inc. Sec. Litig., No. 13 CV 3839, 2014 WL 1089116, at *1 (S.D.N.Y. Mar. 18, 2014).  The moving party must make "a strong case" showing that transfer is appropriate.  N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).  However, district courts have "broad discretion" in evaluating motions to transfer, and should consider such motions "on a case-by-case basis."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

There is no dispute that the threshold question is met, as the Western District of Pennsylvania would have personal jurisdiction over Defendants and venue would otherwise be proper in that district.  As such, the Court must consider the following factors when determining whether transfer is warranted:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006).

The convenience of the witnesses and parties is neutral, as Plaintiffs are located in New York and Defendants are located in Pittsburgh.  The location of relevant documents and the locus of operative facts weigh in favor of transfer to Pennsylvania, because Plaintiffs allege a common pattern and practice by Defendants of failing to properly classify and pay all of PNC's MLOs (not solely those residing in New York), which would involve documents and facts drawn from PNC's headquarters, where such decisions would have been made.  These factors are not, however, generally entitled to great weight given the modern ease of transportation and

communication.  See Spiciarich v. Mexican Radio Corp., No. 14 CV 9009, 2015 WL 4191532, at *8 (S.D.N.Y. July 10, 2015).

The other two factors of significance here are the Plaintiff's choice of forum and the interests of judicial economy.  First, the plaintiff's choice of forum is ordinarily given significant deference, but that deference is diminished where, as here, the operative facts are not connected to the plaintiff's forum and where the plaintiff chooses a forum other than his residence.  See id. at *9.  Here, as noted above, the operative facts for this collective action will involve PNC's corporate headquarters and executive decisionmakers, not the particular facts of Plaintiffs' individual employment.  See, e.g., Horanzy v. Vemma Nutrition Co., 87 F. Supp. 3d 341, 347 (N.D.N.Y. 2015) (noting that the "nationwide character of the putative class action" combined with the facts having "relatively little direct connection to this forum" meant that "plaintiff's choice of forum [is entitled] to only minimal weight").  Further, Plaintiffs chose to file suit in the Southern District of New York despite the fact that four of the five named Plaintiffs have no connection to this forum, and the other worked in the Southern District for only 25% of his employment.  Not only does this strongly indicate that Plaintiffs may be forum shopping, it certainly indicates that, for the majority of Plaintiffs, they have chosen "a forum that is not [their] residence" and the weight given to their choice of forum is therefore entitled to less deference.  Spiciarich, 2015 WL 4191532, at *9.

Most significantly, however, Defendants note that a parallel matter is already underway in the Western District of Pennsylvania – a forum the balancing factors indicate is an appropriate venue for transfer – and the interests of judicial economy favor consolidation of those cases.  The purpose of the venue transfer statute is, in part, to guard against duplicate litigation that "leads to the wastefulness of time, energy, and money" by all parties and the

Court.  Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960).  Plaintiff argues that this case should not be transferred because it was filed before the Bland action pending in Pennsylvania.  The first-filed rule has less force, however, where the two actions are filed "in quick succession" like they were here, where only days separate the two actions' date of first filing.  Am. Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 489 (S.D.N.Y. 2007).

The Court concludes that the balance of these factors favors transfer to the Western District of Pennsylvania.  The strict application of the first-filed rule is inappropriate, as it would create the possibility for inefficient and costly parallel litigation, when the interests of justice indicate that a streamlined proceeding in Pennsylvania would be more appropriate given the statutory purposes of section 1404(a).

Conclusion

For the foregoing reasons, Defendants' motion to transfer is granted.  The Clerk of Court is requested to transfer the above-captioned action to the United States District Court for the Western District of Pennsylvania and to close this action on the books of this Court.  This Order resolves docket entry no. 20, and this Court's Order to Show Case (docket entry no. 12) is hereby terminated.  Briefing of the pending motion to certify a class action is suspended pending further order of the transferee Court.

SO ORDERED.

Dated: New York, New York
December 21, 2015

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge